UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-00371-SVW-MRW | Date | March 16, 2022 |
|---|---|---|---|

| Title | *Juan Carlos Galindo Garcia v. Walmart, Inc. et al.* |
|---|---|

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| N/A | | N/A |

**Proceedings:**     **ORDER DENYING MOTION TO REMAND [8]**

Before the Court is Plaintiff Juan Carlos Galindo Garcia's ("Plaintiff") motion to remand. *See* ECF No. 8. Plaintiff brings this slip and fall action against Defendant Walmart, Inc. ("Walmart"), Doe 1 Manager, Doe 2 Employee and Does 3 through 50. *See* Compl. ¶¶ 1–7, Ex. 1 to Not. Removal, ECF No. 1-1.

Walmart removed the action to this Court on the basis of diversity jurisdiction. *See* Not. Removal ¶ 7, ECF No. 1; *see* 28 U.S.C. § 1332, § 1441(b). Plaintiff is a citizen of the state of California, and Walmart is a Delaware corporation with its principal place of business in Bentonville, Arkansas. *Id.* at ¶¶ 10, 14. It is uncontroverted that there is complete diversity between Plaintiff and Walmart.

Nevertheless, Plaintiff contends that the Court must remand this action because Plaintiff's allegations as to the Doe Defendants destroy complete diversity.[1] *See* Mot. at 1. Specifically, Plaintiff avers that "Doe 1 Manager" and "Doe 2 Employee" are residents of California—rendering the parties non-diverse. Compl. ¶¶ 3–4.

---

[1] Separately, Plaintiff argues that Walmart's notice of removal fails to satisfy the $75,000 amount in controversy threshold necessary for diversity jurisdiction. However, Walmart included with its notice of removal a Request for Admission it served upon Plaintiff and Plaintiff's subsequent response—in which Plaintiff explicitly admitted that he seeks damages in excess of $75,000. *See* Plaintiff's Response to Defendant's Request for Admission at p. 92, No. 36, ECF No. 1–7. Thus, the jurisdictional threshold is satisfied, and Plaintiff's argument is unavailing.

|  | : |  |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-00371-SVW-MRW | Date | March 16, 2022 |
|---|---|---|---|
| Title | *Juan Carlos Galindo Garcia v. Walmart, Inc. et al.* | | |

Whether such allegations are sufficient to destroy complete diversity—requiring remand—is a question other courts have deemed "convoluted and unsettled." *Johnson v. Starbucks Corp.*, 475 F. Supp. 3d 1080, 1083 (C.D. Cal. 2020); *Goldsmith v. CVS Pharmacy, Inc.*, No. CV 20-00750-AB (JCX), 2020 WL 1650750, at *4 (C.D. Cal. Apr. 3, 2020); *Robinson v. Lowe's Home Centers, LLC*, No. 1:15-cv-1321-LJO-SMS, 2015 WL 13236883, at *3 (E.D. Cal. Nov. 13, 2015).

The issue arises from two divergent lines of authority. The first is based on the Judicial Improvements and Access to Justice Act, which Congress passed in 1998. *See Goldsmith*, 2020 WL 160750, at *3. This Act amended the removal statute, 28 U.S.C. § 1441, to address "the issue of Doe defendants for purposes of diversity jurisdiction and remand." *Id.*; *see also Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1034, 1036 (E.D. Cal. 2015) (discussing the amendment and its consequences in the context of a diversity case originally filed in federal court).

Today, 28 U.S.C. § 1441(b)(1) states that, when jurisdiction is based solely on diversity, "the citizenship of defendants sued under fictitious names shall be disregarded." *See* 28 U.S.C. § 1441(b)(1); *Johnson*, 475 F. Supp. 3d at 1083. The Ninth Circuit has explicitly held that "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

Pursuant to the plain language of the statute and relevant case law, this Court cannot consider the citizenship of Doe Manager and Doe Employee until Plaintiff seeks leave to substitute a named defendant. *See id.*; *Goldsmith*, 2020 WL 160750, at *3; *Rojas by & through Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1023 (S.D. Cal. 2021) ("[N]ot only is the plain language of Section 1441(b) clear in mandating that courts should disregard the citizenship of ficticous defendants when evaluating whether diversity jurisdiction exists on a motion to remand, but the legislative history corroborates and confirms this conclusion."). On this basis, the Court denies Plaintiff's motion.

Nevertheless, other courts look beyond the language of 28 U.S.C. § 1441(b)(1) by distinguishing between "fictitious" and "real" Does. These courts assess whether the "[p]laintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to

:  
_____  
Initials of Preparer  
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-00371-SVW-MRW | Date | March 16, 2022 |
|---|---|---|---|
| Title | *Juan Carlos Galindo Garcia v. Walmart, Inc. et al.* | | |

the action." *Johnson*, 475 F. Supp. 3d at 1083 (citing *Gardiner Family*, 147 F. Supp. 3d at 1036; *Sandoval v. Republic Servs., Inc.*, No. 18-cv-01224-ODW (KSx), 2018 WL 1989528, at *3–4 (C.D. Cal. Apr. 24, 2018) ("[W]hen a plaintiff's allegations give a definite clue about the identity of the fictitious defendant…the court should consider the citizenship of the fictitious defendant.")).

    As a preliminary matter, this Court is skeptical of the need to conduct this further inquiry. Many of the courts that do so rely on the reasoning in *Gardiner*, 147 F. Supp. 3d at 1030, but fail to consider *Gardiner's* distinct procedural posture. *See, e.g., Johnson*, 475 F. Supp. 3d at 1083–84; *Barnes v. Costco Wholesale Corp.*, No. CV197977DMGJPRX, 2019 WL 6608735, at *2 (C.D. Cal. Dec. 4, 2019); *Rodas v. Costco Wholesale Corp.*, No. CV217183DMGGJSX, 2021 WL 5233526, at *1 (C.D. Cal. Nov. 10, 2021); *Sandoval*, 2018 WL 1989528, at *3.

    Specifically, in *Gardiner*, however, the court discussed whether the presence of Doe defendants in a diversity case *originally filed* in federal court destroys diversity. *See id.* Because *Gardiner* was not a removal case, the court did not evaluate the preclusive effect of the language in 28 U.S.C. § 1441(b)(1). *See id.* Thus, because the various cases that extend *Gardiner* to the removal context gloss over the clear language in § 1441(b)(1) and subsequent case law like *Solimon*, 311 F.3d at 971, the Court does not find them persuasive.

    Moreover, the courts that conduct this further inquiry appear to focus on a policy concern—that it "would be unfair to force…plaintiff[] from [his] state court forum into federal court by allowing [defendant] to plead ignorance about the defendant-employee's identity and citizenship when [defendant] was in a position to know that information." *Collins v. Garfield Beach CVS, LLC*, No. CV173375FMOGJSX, 2017 WL 2734708, at *3 (C.D. Cal. June 26, 2017).

    At this stage, the record before the Court does not indicate that Walmart is simply choosing to "plead ignorance." *See id.* Rather, Plaintiff's complaint is ambiguous and falls short of giving a "definite clue" as to the identity of the fictitious defendants. *See Sandoval*, 2018 WL 1989528, at *3-4; *see Johnson*, 475 F. Supp. 3d at 1083.

                                                                                             :

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-00371-SVW-MRW | Date | March 16, 2022 |
|---|---|---|---|
| Title | *Juan Carlos Galindo Garcia v. Walmart, Inc. et al.* | | |

For example, Plaintiff only states that Doe Manager and Doe Employee were each an employee "of Defendant Walmart…acting in the course and scope of that employment" when the incident occurred. Compl. ¶¶ 5–6. As a practical matter, there is little certainty about who these employees are: any given Walmart could have dozens, if not hundreds, of employees working at a given moment.

Similarly, Plaintiff states that he "was shopping at Walmart Store [sic] located at 11729 Imperial Hwy, Norwalk, CA 90650. As he was walking away from the front cashier towards the exit, he slipped on a grease solution on the floor. As a result, he lost his balance and fell forward on the floor, forcefully landing on his knees and used his hands to break the fall. As a result of the fall Plaintiff suffered serious injuries." Compl. ¶ 24. Plaintiff does not assert that the "front cashier" was either of the Doe Defendants. Indeed, the Doe Manager and Doe Employee might include any employee working at Walmart on that day.

Further, as Walmart points out, a person's place of employment does not certainly implicate their citizenship status, "especially in a state as diverse as California comprised of out-of-state college students, immigrants from different countries and many other multinationals." Opp'n at 7. With little more than an allegation that the Doe Defendants were citizens of the state of California, Plaintiff's complaint is insufficient. *See* Compl. ¶¶ 4–5.

Finally, though Plaintiff accuses Walmart of engaging in "gamesmanship" by failing to reveal its employees, Plaintiff served upon Walmart 131 Special Interrogatories and 103 Requests for Production in this simple slip and fall case. *See* Ex. C to Mot. Though Plaintiff claims that Walmart failed to provide the full name and identity of Doe Manager and Doe Employee, Plaintiff's Interrogatories were patently unreasonable in scope: they requested that Walmart identify all persons who managed and maintained the premises for the *last 10 years*. *See id.* at Interrogatory Nos. 28 and 29; *see also* Fed. R. Civ. P. 26(b). In response to a separate interrogatory, Walmart identified two employees with personal knowledge of the incident, Assistant Manager Paula Auguirre and Associate Joseph Sanchez. Nevertheless, Plaintiff has not sought leave to amend his complaint to assert claims against these employees.

                                                                                                                                                                                                                                                                       :

Initials of Preparer       PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-00371-SVW-MRW | Date | March 16, 2022 |
|---|---|---|---|
| Title | *Juan Carlos Galindo Garcia v. Walmart, Inc. et al.* | | |

Accordingly, only when Plaintiff "seeks leave to substitute a named defendant" will the citizenship question become relevant. *See Soliman*, 311 F.3d at 971; *see Goldsmith*, 2020 WL 1650750, at *3 ("Here, Plaintiff has not moved to substitute Doe 1, or any Doe for that matter, for a named defendant, and thus, the Court must disregard the citizenship of the Doe Defendants for removal purposes"). For these reasons, Plaintiff's motion to remand is DENIED.

Plaintiff also seeks an award of attorney's fees. Courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). Here, the Court finds Defendant's removal reasonable and proper based on diversity jurisdiction, and accordingly DENIES Plaintiff's request for attorney's fees.

**IT IS SO ORDERED.**

:

Initials of Preparer     PMC